300019503

FILED-USDC-NDTX-DA
'25 AUG 28 PM1:46
km

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DWIGHT CALLIER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | 3-25CV2331-B |
| **THE FINISH LINE, INC.,** a Delaware Corporation | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff DWIGHT CALLIER ("Plaintiff") is a natural person, a resident of the Northern District of Texas, and was present in Texas for all text messages, in this case in Tarrant County, Texas.

2. Defendant THE FINISH LINE INC. ("Finish Line" or "Defendant") is a corporation organized and existing under the laws of Delaware and can be served via its registered agent National Registered Agents Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

**JURISDICTION AND VENUE**

*3.* Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

4. This Court has general personal jurisdiction over Defendant because Defendant has numerous brick and mortar locations throughout Texas and has 16 store locations in Texas, including in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Northern District of Texas when Plaintiff received every single unauthorized call or text from Defendant is the subject matter of this lawsuit.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

6. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

7. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS)" or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

9. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

10. Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

12. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

13. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 165 (2003).

14. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must

be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

15. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 13 (1995).

16. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 1 (2013).

17. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

18. A corporate officer involved in telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No.

10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**FACTUAL ALLEGATIONS**

19. Plaintiff personally and successfully registered his phone number ending in 0289 to the

National Do-Not-Call Registry ("DNC") on October 6, 2021.

20. Plaintiff ever asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

21. Plaintiff's telephone number 0289 is a residential number and is registered to a cellular telephone service.

22. Plaintiff's telephone number 0289 is not used for commercial purposes.

23. Plaintiff uses telephone number 0289 for personal purposes.

24. Defendant Finish Line is a company that sells shoe and shoe-like products.

25. Plaintiff did not have a prior existing business relationship and did not give Defendant written consent to receive text messages.

26. Beginning in December 24, 2023, Plaintiff received at least ninety-seven (97) text messages to his personal phone number 0289 from Defendant soliciting their

shoe and shoe-like products.

27. Each of the text messages outlined in TABLE A was a solicitation text message that offered to give Plaintiff shoe and shoe-like products.

28. For example, on December 24, 2023, Plaintiff received a text message stating:

> FINISH LINE: Not a STATUS Member? Click the link below to sign-up and start earning points now: https://txts.ly/pPD2Yv




29. Plaintiff did not give Finish Line his phone number.

30. Plaintiff did not click the link in paragraph 28, and never signed up to start receiving texts from Defendant.

31. Each of the text messages was a solicitation that contained a clickable link similar to the image in the following screenshot.




32. Clicking each of the links in the text messages took Plaintiff to finishline.com.

33. Table A displays the text messages made to Plaintiff by Defendant:

TABLE A

| **Number** | **Date** | **Caller ID** | **Notes** |
|---|---|---|---|
| 1. | 12/24/2023 | 45189 | Sales/Discounts |
| 2. | 12/26/2023 | 45189 | Image |
| 3. | 12/26/2023 | 45189 | Sales/Discounts |

| | | | |
|---|---|---|---|
| 4. | 12/29/2023 | 45189 | Sales/Discounts |
| 5. | 1/5/2024 | 45189 | Sales/Discounts |
| 6. | 1/10/2024 | 45189 | Sales/Discounts |
| 7. | 1/13/2024 | 45189 | Sales/Discounts |
| 8. | 1/15/2024 | 45189 | Sales/Discounts |
| 9. | 1/23/2024 | 45189 | Sales/Discounts |
| 10. | 1/27/2024 | 45189 | Sales/Discounts |
| 11. | 1/29/2024 | 45189 | Image |
| 12. | 1/29/2024 | 45189 | Sales/Discounts |
| 13. | 2/7/2024 | 45189 | Sales/Discounts |
| 14. | 2/10/2024 | 45189 | Sales/Discounts |
| 15. | 2/14/2024 | 45189 | Image |
| 16. | 2/14/2024 | 45189 | Sales/Discounts |
| 17. | 2/17/2024 | 45189 | Sales/Discounts |
| 18. | 2/27/2024 | 45189 | Image |
| 19. | 2/27/2024 | 45189 | Sales/Discounts |
| 20. | 1/3/2024 | 45189 | Sales/Discounts |
| 21. | 3/1/2024 | 45189 | Sales/Discounts |
| 22. | 3/14/2024 | 45189 | Image |
| 23. | 3/14/2024 | 45189 | Sales/Discounts |
| 24. | 3/16/2025 | 45189 | Image |
| 25. | 3/16/2025 | 45189 | Sales/Discounts |
| 26. | 3/17/2024 | 45189 | Sales/Discounts |
| 27. | 3/19/2024 | 45189 | Sales/Discounts |
| 28. | 3/24/2024 | 45189 | Sales/Discounts |
| 29. | 3/26/2024 | 45189 | Image |

| | | | |
|---|---|---|---|
| 30. | 3/26/2024 | 45189 | Sales/Discounts |
| 31. | 3/30/2024 | 45189 | Sales/Discounts |
| 32. | 3/31/2024 | 45189 | Sales/Discounts |
| 33. | 4/3/2024 | 45189 | Sales/Discounts |
| 34. | 4/8/2024 | 45189 | Image |
| 35. | 4/8/2024 | 45189 | Sales/Discounts |
| 36. | 4/11/2024 | 45189 | Sales/Discounts |
| 37. | 4/16/2024 | 45189 | Sales/Discounts |
| 38. | 4/20/2024 | 45189 | Sales/Discounts |
| 39. | 4/22/2024 | 45189 | Sales/Discounts |
| 40. | 4/23/2024 | 45189 | Image |
| 41. | 4/23/2024 | 45189 | Sales/Discounts |
| 42. | 4/25/2024 | 45189 | Sales/Discounts |
| 43. | 5/6/2024 | 45189 | Image |
| 44. | 5/6/2024 | 45189 | Sales/Discounts |
| 45. | 5/9/2024 | 45189 | Sales/Discounts |
| 46. | 5/12/2024 | 45189 | Image |
| 47. | 5/12/2024 | 45189 | Sales/Discounts |
| 48. | 5/16/2024 | 45189 | Sales/Discounts |
| 49. | 5/23/2024 | 45189 | Sales/Discounts |
| 50. | 5/24/2024 | 45189 | Image |
| 51. | 5/24/2024 | 45189 | Sales/Discounts |
| 52. | 5/27/2024 | 45189 | Sales/Discounts |
| 53. | 6/4/2024 | 45189 | Sales/Discounts |
| 54. | 6/11/2024 | 45189 | Sales/Discounts |
| 55. | 6/18/2024 | 45189 | Sales/Discounts |

| | | | |
|---|---|---|---|
| 56. | 7/3/2024 | 45189 | Sales/Discounts |
| 57. | 7/18/2024 | 45189 | Sales/Discounts |
| 58. | 7/20/2024 | 45189 | Sales/Discounts |
| 59. | 7/22/2024 | 45189 | Sales/Discounts |
| 60. | 7/24/2024 | 45189 | Sales/Discounts |
| 61. | 7/30/2024 | 45189 | Sales/Discounts |
| 62. | 8/6/2024 | 45189 | Sales/Discounts |
| 63. | 8/12/2024 | 45189 | Image |
| 64. | 8/12/2024 | 45189 | Sales/Discounts |
| 65. | 10/1/2024 | 45189 | Sales/Discounts |
| 66. | 10/6/2024 | 45189 | Sales/Discounts |
| 67. | 10/10/2024 | 45189 | Sales/Discounts |
| 68. | 10/13/2024 | 45189 | Sales/Discounts |
| 69. | 10/16/2024 | 45189 | Sales/Discounts |
| 70. | 10/23/2024 | 45189 | Sales/Discounts |
| 71. | 11/7/2024 | 45189 | Sales/Discounts |
| 72. | 11/10/2024 | 45189 | Sales/Discounts |
| 73. | 11/19/2024 | 45189 | Sales/Discounts |
| 74. | 11/24/2024 | 45189 | Sales/Discounts |
| 75. | 11/29/2024 | 45189 | Sales/Discounts |
| 76. | 11/30/2024 | 45189 | Sales/Discounts |
| 77. | 12/1/2024 | 45189 | Sales/Discounts |
| 78. | 12/2/2024 | 45189 | Image |
| 79. | 12/2/2024 | 45189 | Sales/Discounts |
| 80. | 12/6/2024 | 45189 | Sales/Discounts |
| 81. | 12/9/2024 | 45189 | Sales/Discounts |

| | | | |
|---|---|---|---|
| 82. | 12/11/2024 | 45189 | Sales/Discounts |
| 83. | 12/17/2024 | 45189 | Sales/Discounts |
| 84. | 12/19/2024 | 45189 | Sales/Discounts |
| 85. | 12/21/2024 | 45189 | Sales/Discounts |
| 86. | 12/25/2024 | 45189 | Sales/Discounts |
| 87. | 12/28/2024 | 45189 | Sales/Discounts |
| 88. | 12/29/2024 | 45189 | Sales/Discounts |
| 89. | 1/13/2025 | 45189 | Sales/Discounts |
| 90. | 1/20/2025 | 45189 | Sales/Discounts |
| 91. | 2/18/2025 | 45189 | Sales/Discounts |
| 92. | 2/26/2025 | 45189 | Sales/Discounts |
| 93. | 3/13/2025 | 45189 | Sales/Discounts |
| 94. | 4/17/2025 | 45189 | Sales/Discounts |
| 95. | 5/8/2025 | 45189 | Sales/Discounts |
| 96. | 5/25/2025 | 45189 | Sales/Discounts |
| 97. | 6/18/2025 | 45189 | Sales/Discounts |

34. Defendant placed multiple unauthorized text messages and phone calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since October of 2021, which violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

35. The text messages Plaintiff received from Defendant were placed while knowingly ignoring the national do-not-call registry. The text messages and phone calls were placed without training their agents/employees on the use of an internal do-not-call policy.

36. Defendants placed the unauthorized texts knowingly and willfully.

37. No emergency necessitated any of the alleged texts.

38. Plaintiff has limited data storage capacity on his cellular telephone. Incoming automated telemarketing text messages consumed part of this capacity.

**THE TEXT MESSAGES WERE SENT USING ATDS**

39. Plaintiff had no prior relationship with Defendant and Defendant had no reason to have Plaintiff's telephone number in their system.

40. Defendant randomly generated Plaintiff's telephone number and then stored Plaintiff's telephone number inside of Defendant's ATDS system.

41. Defendant's text messages all contained the same formatted text message with a solicitation ending in a link to buy a product.

42. None of the text messages address Plaintiff directly.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE TEXT MESSAGES**

43. Defendant's text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

44. Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

45. Defendant's text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

46. Plaintiff has been harmed, injured, and damaged by the automated text

messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone leading to higher electric bills.

**PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER**

47. The texts and calls were to Plaintiff's personal cell phone ending in 0289 which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 20 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

**COUNT ONE:**

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**

48. Plaintiff realleges and incorporates the preceding paragraphs 1-47 as if fully set forth herein.

49. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

50. Defendant and/or their agents, called Plaintiff's private residential

telephone which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged texts, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

51. Plaintiffs was statutorily damaged at least ninety-seven (97) times under 47 U.S.C. § 227(c)(3)(F) by Defendant's texts described above, in the amount of $500 per call.

52. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47

U.S.C. § 227(c)(5)(B).

53. Plaintiff is entitled to an award of up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

**COUNT TWO:**

**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing Without Prior Express Written Consent**

54. Plaintiff realleges and incorporates the preceding paragraphs 1-53 as if fully set forth herein.

55. Defendant and/or their agents placed automated text messages to Plaintiff's cellular telephone.

56. Plaintiff never consented to receive automated text messages from Defendant. Plaintiff has had no relationship with Defendant.

57. Defendant's automated text messages were made for purposes of advertising and marketing their goods and services. These automated text messages constituted commercial advertising and telemarketing as contemplated by the TCPA.

58. The automated text messages were made using an ATDS to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

59. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful text message campaigns.

60. Not only did Defendant make these violating automated text messages, but Defendant and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

61. If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dwight Callier prays for judgment against the Defendant as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violates the TCPA;

C. An injunction enjoining Defendant and their affiliates and agents from

engaging in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from the TCPA §227(c) intentional violations against Defendant for ninety-seven (97) texts;

E. An award of $1,500 per call in statutory damages arising from the TCPA §227(b) intentional violations against Defendant for ninety-seven (97) texts;

F. An award to Mr. Callier of damages, as allowed by law under the TCPA;

G. An award to Mr. Callier of interest, and costs, as allowed by law and equity;

H. Such further relief as the Court deems necessary, just, and proper;

August 28, 2025,

Respectfully submitted,

Dwight Callier

Dwight Callier
Pro Se Plaintiff
7204 Cypress Bend Drive
Fort Worth, TX 76131
903-747-0289
Dcallier34@gmail.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

3-25CV2331-B

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DWIGHT CALLIER

**(b)** County of Residence of First Listed Plaintiff TARRANT COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintiff, 7204 Cypress Bend Drive, Fort Worth, TX 76131, 903-747-0289

## DEFENDANTS

THE FINISH LINE, INC., a Delaware Corporation

County of Residence of First Listed Defendant MARION COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED AUG 28 2025 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

KM

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [x] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
47 USC TELEPHONE CONSUMER PROTECTION ACT

Brief description of cause:
VIOLATION OF TCPA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $291,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE

SIGNATURE OF ATTORNEY OF RECORD
Dwight Callier

**FOR OFFICE USE ONLY**