IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DWIGHT CALLIER,<br><br>Plaintiff,<br><br>vs.<br><br>THE FINISH LINE, INC.,<br><br>Defendant. | Case No.: 3:25-cv-02331-B-BK |

**DEFENDANT'S OBJECTIONS TO FINDINGS, CONCLUSION AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON ITS MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

**BLANK ROME LLP**

Megan A. Altobelli
Texas Bar No. 24107116
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1467 M. Altobelli Direct
Megan.Altobelli@BlankRome.com

*Attorney for Defendant*

# TABLE OF CONTENTS

**Page**


I. SUMMARY OF OBJECTION ........ 1

II. STATEMENT OF FACTS ........ 3

III. LEGAL STANDARD ........ 4

IV. OBJECTIONS TO THE RECOMMENDATION ........ 4

A. The Magistrate Judge Failed to Counter Comprehensive and Persuasive Reasoning in Interpreting and Applying the Plain Language of §227(c) ........ 4

B. This Court Should Refuse to Adopt the Recommendation's Proposed Findings Regarding Count II of the Complaint Because Plaintiff Failed to Plausibly Allege That Defendant Used an ATDS to Contact Him ........ 11

V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Fiesta Nissan*,
2026 WL 202930 (S.D. Tex. Jan. 26, 2026) ........ *passim*

*Baksic v. Ethicon Inc.*,
659 F.Supp.3d 763 (W.D. Tex. 2023) ........ 4

*Braidwood Management Inc. v. Becerra*,
104 F.4th 930 (5th Cir. 2024) ........ 5

*Braidwood Management Inc. v. Becerra*,
666 F.Supp.3d 613, 621 (N.D. Tex. Mar. 30, 2023) ........ 5

*Duron v. Kings Cap. Holding LLC*
2026 WL 319779 (W.D. Tex. Jan. 13, 2026) ........ 5, 8

*Forteza v. Affordable Auto Shield, Inc.*,
2024 WL 898905 (N.D. Tex. Feb. 29, 2024) (Boyle, J.) ........ 11

*Horton v. National Republican Senatorial Committee*,
2023 WL 372066 (N.D. Tex. Jan. 23, 2023) ........ 11

*Hunsinger v. Alpha Cash Buyers, LLC*,
2022 WL 562761 (N.D. Tex. Feb. 24, 2022) ........ 11

*James v. Smarter Contact, Inc.*,
828 F.Supp.3d 1367, 1372 (M.D. Fla. 2026) ........ *passim*

*Manning v. O'Malley*,
712 F.Supp.3d 894 (S.D. Tex. 2024) ........ 5

*McGonigle v. Shopperschoice.com, L.L.C.*,
2026 WL 413198 (M.D. La. Feb. 13, 2026) ........ 5, 8

*McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*,
606 U.S. 146 (2025) ........ 1, 5, 8

*Radvansky v. 1-800 Flowers.com, Inc.*,
2026 WL 456919 (N.D. Ga. Feb. 17, 2026) ........ 2, 7, 8, 9

*Richards v. Shein Distribution Corporation*,
2026 WL 847584 (S.D. Ind. Mar. 26, 2026) ........ 7

*Rush v. Selectquote Insurance Services, Inc.*,
2026 WL 2495598 (W.D. Mo. July 30, 2026)....5, 7, 10

*Steidinger v. Blackstone Med. Servs.*,
182 F.4th 532 (7th Cir. 2026) .... *passim*

*Stockdale v. Skymount Property Group, LLC*,
825 F.Supp.3d 622, 625-26 (N.D. Ohio 2026) ....2, 7

*Sw. Airlines Co. v. Saxon*,
596 US 450 (2022)....8

*Tom v. Delancey Street Group LLC*,
2026 WL 2255107 (E.D.N.Y. Aug. 5, 2026)....5

*U.S. v. Wilson*,
864 F.2d 1219 (5th Cir. 1989) ....4

*Matter of Westmoreland Coal Company*,
968 F.3d 526 (5th Cir. 2020) ....5

**Statutes**

28 U.S.C. § 636(b)(1) ....4

47 U.S.C.
§ 227....8, 9
§227(b)....10, 11
§ 227(b)(1)(A)....10
§227(b)(1)(A)(iii)....3
§ 227(b)(1)(B)....9
§227(c) .... *passim*
§ 227(c)(1) ....8
§ 227(c)(5) .... *passim*
§ 227(d)(1) ....9
§227(e) ....9
§ 227(e)(8)(A)....9

Telephone Consumer Protection Act (“TCPA”)....1, 6, 9

**Other Authorities**

Fed. R. Civ. P. 72....1

Pursuant to Federal Rule of Civil Procedure 72, Defendant Finish Line Inc. ("Defendant"), by and through its undersigned counsel, hereby objects to the proposed findings and recommendations contained in Magistrate Judge Renee Harris Toliver's Findings, Conclusion and Recommendation (the "Recommendation").

## I. SUMMARY OF OBJECTION

In the Recommendation, Judge Toliver recommends that this Court enter an order denying Defendant's Motion to Dismiss Plaintiff's Original Complaint (the "Motion to Dismiss"). Dkt. 23. As set forth below, Defendant respectfully submits that these proposed findings were premised upon an erroneous analysis of the statutory text and fundamental misunderstanding of the statutory framework of the Telephone Consumer Protection Act ("TCPA"). Plaintiff Dwight Callier's ("Plaintiff") first claim arising out of §227(c) must be dismissed because that provision of the statute does not apply to text messages.

Neither Plaintiff nor the Court may rely on the Federal Communications Commission ("FCC") previously issued orders and guidance expanding the scope of the TCPA's DNC provision to text messages. That landscape was altered when the United States Supreme Court issued its decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146 (2025), holding that trial courts are not bound by the FCC's interpretation of the TCPA and must utilize ordinary principles of statutory interpretation to interpret it. Several district courts have since relied upon *McLaughlin* and held that text messages are ***not*** "telephone calls" for purposes of a §227(c) claim, and the Seventh Circuit Court of Appeals issued a recent opinion that reached an identical conclusion. *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026). As *Steidinger* established, courts must interpret the term "telephone call" in §227(c)(5) in the manner that it was written at the time of the TCPA's enactment and it is "undisputed that 'telephone call couldn't have been thought to cover text messages when the TCPA was enacted in

1991, because the first text message was not sent until the following year." *Id*. at 535. In addition, in applying the 1991 versions of the definitions of "telephone" and "call," it is apparent that text messages are not encompassed by the private right of action contained in §227(c)(5) because they "do not reproduce sounds" and "do not qualify as a new application of telephone call within the meaning that term." *Id*. at 536.

Defendant submits that the contrary findings contained in the Recommendation are directly at odds with *Steidinger* and an array of well-reasoned district court decisions that reached similar conclusions and sharply criticized the decisions that Judge Toliver relied upon. *See e.g. Stockdale v. Skymount Property Group, LLC*, 825 F.Supp.3d 622, 625-26 (N.D. Ohio 2026); *James v. Smarter Contact, Inc.*, 828 F.Supp.3d 1367, 1372 (M.D. Fla. 2026); and *Radvansky v. 1-800 Flowers.com, Inc.*, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026). Judge Toliver improperly expanded the meaning of "telephone call" in §227(c) to text messages not by referring to other parts of the statute that use the same term; but rather by referring to the "under this subsection" language which the court found somehow adds meaning to "telephone call" that is not found anywhere else in the TCPA. This analysis does not follow the rules of proper statutory construction. Moreover, courts are not to look to the purpose of the statute for support in thwarting its otherwise plain meaning. *See e.g. Steidinger*, 182 F.4th at 539-40 ("the plaintiffs' policy arguments and broad invocation of the TCPA's remedial nature cannot overcome the clear commands of § 227(c)(5)'s text and the statutory context") (internal citations omitted).

In addition, Defendant requests that this Court reject the Recommendation's proposed findings with respect to Count II of the Complaint because Plaintiff has not plausibly alleged that Defendant sent him a text message using an automatic telephone dialing system ("ATDS"). As a

result, Defendant respectfully requests that this Court reject the proposed findings in the Recommendation and enter an order dismissing Plaintiff's Complaint with prejudice.

## II. STATEMENT OF FACTS

In the Complaint, Plaintiff alleged that he "received at least ninety-seven (97) text messages to his personal phone number 0289 from Defendant soliciting their shoe and shoe-like products" (Compl., ¶ 26), despite Plaintiff's registration of the phone number on "the National Do-Not-Call Registry ("DNC") on October 6, 2021." (*Id.* ¶ 19.) Plaintiff alleged that these text messages were sent between December 2023 and June 2025 and that each message constituted a solicitation. (*Id.* ¶¶ 27, 33.)[1] Plaintiff further alleged that Defendant "randomly generated Plaintiff's telephone number and then stored Plaintiff's telephone number inside of Defendant's ATDS system." (*Id.* ¶ 40.) In addition, Plaintiff alleged that these text messages contained the same formatted message with a solicitation ending in a link to buy the product and that none of the messages addressed him directly. (*Id.* ¶¶ 41-42.)

Based upon the foregoing, Plaintiff asserted two causes of action against Defendant. First, Plaintiff asserts a claim arising out of 47 U.S.C. §227(c) and 47 C.F.R. §64.1200(c) based upon Defendant's alleged actions of sending text messages to a telephone number that is on the National Do-Not-Call Registry. (*Id.* ¶¶ 48-53.) Second, Plaintiff asserts a claim arising out of 47 U.S.C. §227(b)(1)(A)(iii) as a result of Defendant's purported use of an ATDS to send text messages to Plaintiff without his prior express consent. (*Id.* ¶¶ 54-61.) On October 24, 2025, Defendant filed the Motion to Dismiss. ECF No. 8. Plaintiff filed an Opposition to the Motion to Dismiss on

[1] While Plaintiff makes stray references to receiving "calls" from Defendant in certain averments in the Complaint (*see e.g.* Compl., ¶¶ 47, 50), he does not provide any information regarding the date and/or time of these alleged calls and the only specific details that he provides pertain to text messages. As a result, Plaintiff has not pled sufficient information to suggest that Defendant placed a call to him.

November 7, 2025, and Defendant filed a reply brief on November 21, 2025 (the "Reply"). ECF Nos. 10-11. In addition, Defendant filed seven (7) different Notices of Supplemental Authority between October 29, 2025 and July 17, 2026 in order to alert this Court of newly-issued decisions that lent further support for its position that Plaintiff cannot assert §227(c) claim arising out of text messages. Dkt Nos. 9, 17-22. The last notice that Defendant submitted enclosed *Steidinger* and set forth a detailed summary regarding its findings. Dkt No. 22.

On August 19, 2026, Judge Toliver issued the Recommendation. Dkt. No. 23.

## III. LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "Such a review means that the Court will examine the entire record, and will make an independent assessment of the law." *Baksic v. Ethicon Inc.*, 659 F.Supp.3d 763, 767 (W.D. Tex. 2023). In providing for a *de novo* determination, "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (internal citations omitted).

## IV. OBJECTIONS TO THE RECOMMENDATION

### A. The Magistrate Judge Failed to Counter Comprehensive and Persuasive Reasoning in Interpreting and Applying the Plain Language of §227(c)

Defendant respectfully requests that this Court reject Judge Toliver's proposed finding that Plaintiff may assert a §227(c) claim arising out of text messages insofar as it is directly at odds with *Steidinger* and the array of well-reasoned district court decisions that reached a contrary

conclusion. In the Recommendation, Judge Toliver relies extensively upon the analysis and reasoning in *Alvarez v. Fiesta Nissan*, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026) and notes that two other courts within the Fifth Circuit – *McGonigle v. Shopperschoice.com, L.L.C.*, 2026 WL 413198 (M.D. La. Feb. 13, 2026) and *Duron v. Kings Cap. Holding LLC*, 2026 WL 319779 (W.D. Tex. Jan. 13, 2026) – have held that text messages are actionable under §227(c)(5). Dkt. 23 at p. 5. However, each of these cases were decided prior to *Steidinger*, i.e. first time that a circuit court of appeals issued a decision in the post-*Loper Bright* and *McLaughlin* landscape as to whether text messages can give rise to a §227(c) claim.

While *Steidinger* is not binding, this Court may consider it as persuasive authority, especially given that the Fifth Circuit has not issued a decision in this narrow context. *See e.g. Rush v. Selectquote Insurance Services, Inc.*, 2026 WL 2495598, at *4 (W.D. Mo. July 30, 2026) (relying extensively on *Steidinger* and noting that it is "the only circuit to specifically address" whether a text message can give rise to the private right of action contained in §227(c)(5)); *Tom v. Delancey Street Group LLC*, 2026 WL 2255107, at *6 n. 4 (E.D.N.Y. Aug. 5, 2026) ("the Seventh Circuit recently became the first Court of Appeals to decide this question, holding that text messages are not telephone calls for purposes of § 227(c)(5)"). It is "not uncommon or improper for a district court to look to outside Circuits for persuasive legal authority where there is no binding precedent on the issue at hand." *Braidwood Management Inc. v. Becerra*, 666 F.Supp.3d 613, 621 (N.D. Tex. Mar. 30, 2023), *overruled in part on other grounds by Braidwood Management Inc. v. Becerra*, 104 F.4th 930 (5th Cir. 2024); *see also Manning v. O'Malley*, 712 F.Supp.3d 894, 905 n. 4 (S.D. Tex. 2024) ("[t]hough non-precedential, this Court finds the reasoning of the Third Circuit case particularly persuasive"); *Matter of Westmoreland Coal*

*Company*, 968 F.3d 526, 532 (5th Cir. 2020) ("[w]e nevertheless consider the Eleventh Circuit's recent decision as persuasive authority").

Although Defendant submitted a Notice of Supplemental Authority on July 17, 2026 that enclosed a copy of *Steidinger* and summarized its holding, this decision is not referenced in the Recommendation. Defendant respectfully submits that if this Court reviews *Steidinger* and applies its thorough and persuasive reasoning to the facts of this matter, it will reject the proposed findings in the Recommendation and conclude that Count I of the Complaint must be dismissed with prejudice.

Namely, virtually all of the reasoning employed by *Alvarez* and by Judge Toliver in the Recommendation in holding that §227(c) applies to text messages is squarely at odds with the Seventh Circuit's findings in *Steidinger*. For instance, both *Alvarez* and the Recommendation acknowledged that text messaging did not exist when Congress enacted the TCPA in 1991 but nonetheless concluded that the concept of a text message was fairly embraced by the meaning of "telephone call" as it existed at that time and that this concept fell reasonably within the statute's original meaning. *See Alvarez*, 2026 WL 202930, at *5; Dkt 23 at p. 6-8. However, in *Steidinger*, the court reviewed and disposed of a nearly identical argument. 182 F.4th at 535-36. There, the court separately analyzed the definitions of "telephone" (an instrument for reproducing sounds at a distance) and "call" (to get or try to get into communication by telephone) from the 1991 version of Webster's Ninth New Collegiate Dictionary and determined that "in 1991, a 'telephone call' referred to a communication via sound." *Id*.

In applying these definitions and holding that text messages are not encompassed by the private right of action contained in §227(c)(5), the court held that "[t]ext messages do not reproduce sounds, suggesting that they do not qualify as a new application of telephone call within

the meaning that term." *Id*. at 536;[2] *see also Stockdale v. Skymount Property Group, LLC*, 825 F.Supp.3d 622, 625-26 (N.D. Ohio 2026) (dismissing §227(c) claim and holding that under the definitions of "telephone" and "call" that existed in 1991, "'telephone call' could not include modern-day text messages because text messages do not use a telephone to reproduce sounds at a distance"); *James v. Smarter Contact, Inc.*, 828 F.Supp.3d 1367, 1372 (M.D. Fla. 2026) ("a text message, which does not use a telephone to reproduce sounds at a distance, is not included or embraced in the ordinary public meaning of 'telephone call' from 1991"); *Rush*, 2026 WL 2495598, at *2 (holding that "[t]he plain and ordinary meaning of telephone calls in §227 (c)(5) does not include text messages" because text messages do not reproduce sounds at a distance and text messaging is not an act of calling on the telephone); *Richards v. Shein Distribution Corporation*, 2026 WL 847584, at *3 (S.D. Ind. Mar. 26, 2026) (dismissing §227(c) claim arising out of text messages, noting that telephone calls involve the use of sounds and a voice, and holding that a text message does not require that a person pick up a call, listen to a voice, or tie up their phone's line).

In addition, *Stockdale*, *James*, and *Radvansky* directly criticized the reasoning utilized in *Alvarez* as well as its conclusion that that text messages may give rise to a §227(c) claim. In *Stockdale*, the court declared that it was "not convinced" by the textual analysis undertaken in *Alvarez* and held that *Alvarez*'s broad interpretation of "telephone call" was not supported by the term's plain meaning as defined in 1991. *Stockdale*, 825 F.Supp.3d at 625 n. 5. Similarly, in *James*,

[2] The court also rejected the plaintiffs' contention that "telephone call" must be interpreted broadly to ensure that the TCPA's protections do not become increasingly ineffectual as new technologies emerge, and it declared that "too much liberality will undermine the statute as surely as too literal an interpretation would." *Id*. (internal citations omitted). Similarly, it held that "Congress's general concern about intrusive telemarketing practices doesn't necessarily mean that it adopted a broad definition of telephone call." *Id*. at 540.

the court held that *Alvarez* and other courts reaching similar conclusions erred by neglecting to consider the modifying effect on "call" from "telephone" as understood in 1991 and that that even if the reader used the definition of "call" as a verb, a text message cannot be included within the meaning of "telephone call" because it does not constitute communicating or attempting to communicate with someone by reproducing sounds at a distance. *James*, 828 F.Supp.3d at 1371-72. In *Radvansky*, the court dismissed a §227(c) claim arising out of text messages and refused to follow *Alvarez* on the grounds that the reasoning underlying its decision was "inherently flawed." *Radvansky*, 2026 WL 456919, at *4.[3]

Similarly, both *Alvarez* and the Recommendation point to §227(c)'s statutory context and contend that Congress intended to broaden §227(c)(5)'s cause of action to apply to all "telephone solicitations," given that this term is used in §227(c)(1). *Alvarez*, 2026 WL 202930, at *5-6; Dkt. 23 at p. 8-9. However, *Steidinger* disposed of a nearly identical contention and noted that §227(c)(5) only creates a private right of action for the receipt of more than one "telephone call" within a 12-month period and does not mention "telephone messages" or the more encompassing term of "telephone solicitation." 182 F.4th at 536. The court rejected the plaintiffs' invitation to find that §227(c)(5) creates a private right of action for all telephone solicitations and appropriately presumed that "because Congress used a different term in these two subsections of § 227, it intended a different meaning." *Id*. (*citing Sw. Airlines Co. v. Saxon*, 596 US 450, 457-58 (2022)). The court further held that the best reading of §227(c)(5) was that it provides a narrower remedy

[3] Because *McGonigle* extensively relied upon *Alvarez* in reaching its decision, Defendant submits that the contrary reasoning set forth in *Steidinger* wholly undercuts *McGonigle* as well. In addition, as noted in the Recommendation, *Duron* did not perform a thorough analysis of §227(c)'s text under the *McLaughlin* framework in holding that text messages are actionable under § 227(c)(5). In addition, *Duron* was an order granting the plaintiff's motion for default judgment and the court therein was not confronted with competing arguments from the defendant in reaching its decision.

than recovery for all forms of telephone solicitations and that plaintiffs may sue after receiving unwanted telephone calls, but not all forms of telephone solicitations. *Id*.

The court also determined that because §227's definition of "telephone solicitation" distinguished between calls and messages, the two must refer to different forms of communication by telephone given that the cannon against surplusage mandates that every word and every provision be given effect. *Id*.; *Radvansky*, 2026 WL 456919, at *4 (rejecting similar argument and holding that "construing these distinct phrases identically would render superfluous the different terms Congress chose to use in each subsection, a result which would violate the canon against surplusage). *Steidinger* then concluded that based on how telephone messages were understood at the time the TCPA was enacted, "modern-day text messages are better understood as messages, not calls." 182 F.4th at 536-37. The court reasoned that the kinds of unwanted messages contemplated in 1991 included those delivered by an artificial or prerecorded voice (§227(b)(1)(B)) and those sent via fax machine (§227(d)(1)). *Id*. at 537.

Additionally, the Recommendation suggests that Congress's decision to amend the text of § 227(e)(8)(A) in 2018 and leave §227(c) unaltered lends no support to Defendant's arguments (Dkt. 23 at p. 9-10). This is incorrect. Specifically, Congress could have changed §227(c) to clarify that it encompasses text messages but chose not to do so. *Steidinger*, 182 F.4th at 539; *Radvansky*, 2026 WL 456919, at *3 (finding that the distinction between §227(c) and §227(e) led it to presume that Congress intended for §227(c)(5) to encompass only telephone calls); *James*, 828 F.Supp.3d at 1372 (finding "[t]hat Section 227(c)(5)'s 'telephone call' does not include text messages is further confirmed by the addition of 'text message' or 'text messaging service' elsewhere in the TCPA through later amendments to the statute" and declaring that Congress's use of different terms within the same statute creates an expectation that they hold different meanings).

Moreover, *Alvarez* and the Recommendation contend that because "telephone call" appears in both §227(b) and §227(c) and that courts have routinely interpreted "telephone call" in §227(b) to include text messages, these facts are "strongly persuasive" that the protections of §227(c) apply to text messages. *Alvarez*, 2026 WL 202930, at *6; Dkt. 23 at p. 10-11. However, as the *Steidinger* court recognized, "[t]his argument fails at the first step, because § 227(b) and § 227(c)(5) contain different language." 182 F.4th at 539. Namely, it noted that §227(b) prohibits a wide range of conduct, including certain calls to paging services and uses of telephone facsimile machines, and that §227(b)'s corresponding private right of action is broadly framed in that it permits an individual to bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." *Id*. Conversely, §227(c)(5) only creates a private right of action for "a person who has received more than one telephone call within any 12-month period in violation of the regulations prescribed under this subsection." *Id*. The court found that this difference in language both explains and supported its conclusion that §227(c)(5) does not apply to text messages. *Id*.; *see also James*, 828 F.Supp.3d at 1373 (rejecting similar argument and holding that §227(b)(1)(A) deals with a broader prohibition on any call and not the statutory term "telephone call" at issue in §227(c)); *Rush*, 2026 WL 2495598, at *4 (rejecting similar contention and holding that it was "not necessary to delve into all the nuances of § 227(b)'s many subsections" because (b)'s private right of action was framed more broadly than the one in §227(c)(5)).[4]

[4] In addition, Defendant disagrees with the Recommendation's characterization that it made an "apparent concession" in the Motion to Dismiss and the Reply that §227(b) applies to text messages. Defendant certainly did not expressly or impliedly concede this point, and no portions of its prior briefing may reasonably be interpreted as an implicit concession. A straight-forward reading of the arguments the Magistrate Judge cites shows this. Moreover, the mere fact that Defendant did not seek dismissal of Count II of the Complaint on grounds that a text message may

Thus, for the reasons set forth in the Motion to Dismiss and above, §227(c) must be interpreted to reach the best interpretation, as it was written in 1991, without influence by the modern-day transition from landline telephones to cellular telephones and growing prominence of text messaging, and unconstrained by the views and interpretations of the FCC. When applying the plain language of this statutory text, it becomes apparent that a text message is not a "telephone call" in any ordinary, normal sense of the word and cannot be actionable under §227(c)(5), unless and until Congress amends the private right of action. As a result, Defendant respectfully requests that this Court reject the proposed findings in the Recommendation as to Count I and enter an order dismissing it with prejudice.

**B. This Court Should Refuse to Adopt the Recommendation's Proposed Findings Regarding Count II of the Complaint Because Plaintiff Failed to Plausibly Allege That Defendant Used an ATDS to Contact Him**

As Defendant set forth more fully in the Motion to Dismiss and the Reply, Plaintiff has failed to assert a plausible claim that Defendant sent him text messages using an ATDS because he relies exclusively upon allegations that he concedes are "bare bones" and premised merely on "inferences based on the current facts." Dkt. 10 at p. 12-13. Because Plaintiff has simply alleged the use of an ATDS, without more, he has not plausibly stated a claim under §227(b). *See e.g. Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 562761, at *3 (N.D. Tex. Feb. 24, 2022) (dismissing plaintiff's claims that defendant used an ATDS to send text messages to him); *Horton v. National Republican Senatorial Committee*, 2023 WL 372066, at *6 (N.D. Tex. Jan. 23, 2023) ("Merely pleading labels, conclusions and a formulaic recitation of the elements required to prove that an ATDS was used" is not enough to survive a motion to dismiss); *Forteza v. Affordable Auto*

---

not give rise to an ATDS claim does not constitute a relinquishment of Defendant's right to assert this argument at a later date should this case proceed past the pleadings stage.

*Shield, Inc.*, 2024 WL 898905, at *3-4 (N.D. Tex. Feb. 29, 2024) (Boyle, J.) (granting motion to dismiss where the plaintiff failed to plead sufficient facts illustrating the use of an ATDS).

Because Plaintiff's ATDS claim relies entirely upon bare, conclusory labels, and he has otherwise failed to allege facts which would show Defendant "randomly or sequentially generated" his number and placed calls or text messages to him at that number, he has failed to state a plausible ATDS claim. As a result, Defendant respectfully requests that this Court reject the Recommendation's proposed finding with respect to Count II of the Complaint and enter an order dismissing it with prejudice.

## V. CONCLUSION

For the reasons set forth more fully above, Defendant respectfully requests that this Court sustain its objections to the Recommendation and enter an Order granting the granting the Motion to Dismiss and dismissing Plaintiff's Complaint with prejudice.

Dated: September 2, 2026

Respectfully submitted,

*/s/ Megan A. Altobelli*
Megan A. Altobelli
**BLANK ROME LLP**
Texas Bar No. 24107116
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

*/s/ Thomas P. Cialino*
Thomas P. Cialino
**BLANK ROME LLP**
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5668
Thomas.Cialino@BlankRome.com
(Admitted *Pro Hac Vice*)
*Attorneys for Defendant*

*/s/ Ana Tagvoryan*
Ana Tagvoryan
**MANATT, PHELPS & PHILLIPS**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4347
ATagvoryan@Manatt.com
(Admitted *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I certify that on this September 2, 2026, a true and correct copy of the foregoing document was served on parties of record via the Court's CM/ECF system in accordance with Fed. R. Civ. P. 5(b)(2).

*/s/ Megan A. Altobelli*
Megan A. Altobelli